NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUDEL HERNANDEZ AVELLANEDA;
RUBI VALDEZ GARCIA; Y. H. V.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    21-70145

Agency Nos.    A208-927-022
A208-927-017
A208-927-018

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2026[**]

Before:  FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Petitioners Audel Hernandez Avellaneda, Rubi Valdez Garcia, and their minor son are natives and citizens of Mexico.  Petitioners seek review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we 'review the IJ's decision as if it were the BIA's decision.'"  *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005)).  We review legal questions de novo.  *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (quoting *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017)) (quotation marks omitted).

1. Petitioners' opening brief fails to meaningfully challenge the agency's conclusion that they did not show that the Mexican government was unwilling or unable to protect them from harm, which is dispositive of both their asylum and withholding of removal claims.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").  Nor do Petitioners

---

[1] Valdez Garcia and their son also applied for asylum, withholding of removal, and CAT protection, premised on the same facts as Hernandez Avellaneda's application.

address the IJ's denial of humanitarian asylum. Issues that are not raised or not supported by argument in the opening brief are forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). We accordingly deny the petitions as to those claims.

2. Substantial evidence supports the agency's conclusion that Petitioners are not eligible for relief under CAT. The agency reasonably concluded that Petitioners did not experience torture in the past, and although they experienced some violence, there was also evidence that Petitioners could relocate to an area of the country where they would be unlikely to face torture or further violence in the future. Thus, the evidence does not compel us to conclude that Petitioners met "the high threshold of establishing that it is more likely than not that [they] will be tortured by or with the consent or acquiescence of a public official." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Petition **DENIED.**[2]

---

[2] The temporary administrative stay of removal is lifted and the motion to stay removal, Dkt. No. 1, is denied.